UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA S. GLICK,<br><br>    Plaintiff,<br><br>    v.<br><br>CHUKCHANSI FINANCIAL COMPANY, LLC, et al.,<br><br>    Defendants. | No. 1:20-cv-01074-DAD-HBK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 10) |

    This matter is before the court on the motion to dismiss filed by defendants Chukchansi Finance Company, LLC, Chukchansi Economic Development Authority, Inc., and Peter Garza (collectively "defendants") on September 15, 2020.[1]  (Doc. No. 10.)  Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, defendants' motion was taken under submission on the papers.  (Doc. No. 12.)  For the reasons explained below, the court will grant the pending motion to dismiss.

/////

/////

---

[1] In her complaint, plaintiff identifies defendant Chukchansi Finance Company, LLC, as "Chukchansi Financial Company, LLC" and defendant Chukchansi Economic Development Authority, Inc. as "Picayune Rancheria C.E.D.A."  Defendants assert that plaintiff has misidentified them in her complaint. (Doc. No. 10-1 at 7.)

1

**BACKGROUND**

On August 3, 2020, plaintiff, who is proceeding *pro se*, filed her complaint against defendants. (Doc. No. 1.) Therein, plaintiff alleges the following. Plaintiff worked for the Chukchansi Gold Resort and Casino ("the Resort") for over ten years from July 2008 until August 2020. (*Id.* at 8.) She was employed in a senior position at the Resort's "Steak and Seafood" restaurant. (*Id.*) Throughout 2018, there were unsafe working conditions that violated the Occupational Safety and Health Act ("OSHA"). (*Id.*) Specifically, the walkways were not clear. (*Id.*) In January 2018, plaintiff slipped and fell on grease, but she was not seriously injured. (*Id.*) She did, however, attempt to alert the in-house paramedics and to institute a change in the safety and training policies of the Resort. (*Id.*) She notified her immediate supervisors and the out-of-house risk management consultant Pete Garza of the hazards. (*Id.*) However, no changes were made. (*Id.*) Consequently, plaintiff was injured in June 2018 when her toe caught on the edge of laundry bags blocking a walkway. (*Id.*) Plaintiff strained her medial collateral ligament (MCL) as a result of this incident. (*Id.*) Again, plaintiff attempted to raise awareness of changes needed in the safety policies of the Resort. (*Id.*) Again, she contacted Pete Garza, but no changes were made. (*Id.*) On August 4, 2019, plaintiff caught her left toe on another laundry bag and metal wire rack that was placed in a walkway at the Resort. (*Id.*) To avoid falling on her head, plaintiff threw her weight onto her right leg, suffering a high-grade meniscus posterior tear. (*Id.*) After seeking compensation through the "Tribal First Workman" compensation program, plaintiff was denied compensation and appears to have left her job shortly after this last alleged incident. (*Id.*)

On August 3, 2020, plaintiff filed her complaint in this action, alleging a claim of negligence due to defendants' unsafe working walkways in violation of OSHA. (*Id.* at 9.) Plaintiff seeks damages for her lost career, her lost wages until retirement, her lost access to a 401K retirement fund, her loss of employment, and her loss of health. (*Id.*) Defendants filed their motion to dismiss plaintiff's complaint on September 15, 2020. (Doc. No. 10.) On October 14, 2020, plaintiff filed a request for an extension of time to respond to defendants' motion, but labeled her request as an opposition. (Doc. No. 15.) On March 16, 2021, the court issued an order construing plaintiff's opposition to be a motion for enlargement of time and granted

2

plaintiff's request *Nunc Pro Tunc*. (Doc. No. 20.) Plaintiff was directed to file any opposition to defendants' motion within thirty (30) days from the date of the March 16, 2021 order. (*Id.*) Thereafter on April 12, 2021, plaintiff filed an addendum regarding defendants' motion to dismiss. (Doc. No. 21.) The court construes plaintiff's addendum as an opposition to the pending motion to dismiss.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## DISCUSSION

Defendants move to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). With respect to subject matter jurisdiction, defendants

argue that there is no federal question placed at issue by plaintiff's complaint, that there are no facts supporting diversity jurisdiction over this action[2], and that defendants are shielded by sovereign immunity.  (Doc. No. 10-1 at 7.)  Although the factual allegations of plaintiff's complaint are reasonably discernable, the purported causes of action plaintiff seeks to bring are not.  Accordingly, the court will dismiss plaintiff's complaint pursuant to Rule 12(b)(6) and will grant plaintiff leave to amend.

Plaintiff's complaint states that her claim is for "negligence and legal notice of unsafe working walkways in violation of the OSHA 1910 (a) clear walkway standards."  (Doc. No. 1 at 9.)  OSHA, however, does not provide a private right of action for employees to bring claims in federal court based on alleged violations of its provisions or regulations.  *Glanton v. Harrah's Entertainment, Inc.*, 297 Fed. App'x 685, 687 (9th Cir. 2008) ("OSHA does not provide a private cause of action.").[3]  Rather, "OSHA creates an *intra-agency mechanism* by which an alleged violation can be raised by a private actor, . . . suggesting that Congress did not intend for OSHA-based actions to be litigated by private actors in federal court."  *Id.* (emphasis added).  Plaintiff had the ability to file a complaint with OSHA and request an inspection of her workplace if she believed there to be a violation of OSHA standards or other serious hazards.  *See Altimus v. Saint-Gobain Corp. of N.A.*, No. 1:17-cv-01271-DAD-EPG, 2017 WL 5625888, at *3 (E.D. Cal. Nov. 22, 2017).  As defendants point out, plaintiff has failed to plead a cause of action upon which relief can be granted, warranting dismissal of the complaint under Rule 12(b)(6).  (Doc. No. 10-1 at 14 n.4.)

---

[2] Defendants argue that this court lacks subject matter jurisdiction over this action because diversity of citizenship is lacking, as required by 28 U.S.C. § 1332.  (Doc. No. 10-1 at 10.)  Specifically, defendants argue that plaintiff and defendant Garza are both residents of California, defeating complete diversity of citizenship.  (*Id.*) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).  Although plaintiff listed California as her state of residence in her complaint, plaintiff has provided sufficient evidence in her opposition indicating that she had become a resident of Texas at the time that she filed this action.  (Doc. No. 21 at 3.)  Accordingly, the court concludes, at least at this stage of the proceeding, that there is complete diversity in this action for the purposes of diversity jurisdiction.

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

The undersigned acknowledges that federal courts must liberally construe the "inartful pleading" of *pro se* litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Nonetheless, plaintiff has failed to sufficiently state what claim she is attempting to bring other than the aforementioned OSHA claim. Even construed liberally, plaintiff's complaint does not provide the court with sufficient information to identify what causes of action she is attempting to assert against which defendants. Accordingly, the court will grant defendants' motion to dismiss for failure to state a claim.

However, given plaintiff's *pro se* status and the lack of any identifiable prejudice to defendants, plaintiff will be granted leave to file an amended complaint if she is able to do so in good faith. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. An amended complaint will supersede the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in any amended complaint plaintiff elects to file, she must include concise but complete factual allegations describing the conduct and events that underlie her claims as indicated above, she must identify her causes of action and the legal basis for each claim and she must attempt to cure the deficiencies of the original complaint noted above.

## CONCLUSION

Accordingly, the motion to dismiss (Doc. No. 10) brought on behalf of defendants is granted pursuant to Rule 12(b)(6). Any amended complaint plaintiff may elect to file shall be filed within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:  **July 29, 2021**

UNITED STATES DISTRICT JUDGE