UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA GLICK, | Case No.  1:20-cv-01074-DAD-HBK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO PROSECUTE[1] |
| v. | |
| CHUKCHANSI FINANCIAL COMPANY, LLC; PICAYUNE RANCHERIA C.E.D.A; PETER GARZA, | FOURTEEN-DAY OBJECTION PERIOD |
| Defendants. | |

Plaintiff Paula Glick initiated this action proceeding *pro se* by filing a complaint on August 3, 2020. (Doc. No. 1). On July 29, 2021, the district court entered an order granting Defendants' motion to dismiss but permitted Plaintiff twenty-one days to file an amended complaint. (Doc. No. 22). As of the date on these Findings and Recommendations Plaintiff has not filed an amended complaint nor provided an adequate response to the Court's September 2, 2021 show cause order to address why this case should not be dismissed. (*See* docket). For the reasons discussed below, the undersigned recommends dismissal of this case due to Plaintiff's failure to comply with a court's July 29, 2021 order and/or prosecute this action.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

**BACKGROUND**

Plaintiff filed a *pro se* Complaint naming Chukchansi Financial Company, LLC, Picayne Rancheria C.E.D.A., and Peter Garza as Defendants. (Doc. No. 1 at 1-3). Plaintiff brings a negligence claim, alleging the incidents giving rise to the cause of action occurred during her employment at Chukchansi, with unsafe work conditions causing Glick to fall and injure herself multiple times with the first incident occurring in June 2018. (*Id.* at 8). As relief, Plaintiff seeks damages for her lost career, lost wages, lost retirement, and loss of enjoyment, health, and ability. (*Id.* at 9). Plaintiff paid the filing fee to proceed in this case. (Receipt No. CA100046201).

On September 15, 2020, Defendants moved to dismiss the complaint pursuant to Rule 12(b)(1) for lack of jurisdiction and 12(b)(6) for failure to state claim. (Doc. No. 10). On July 29, 2021, the district court entered an order granting Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) finding the complaint failed to state a claim. (*See generally* Doc. No. 22). In particular, the district court found Plaintiff failed to sufficiently state what claim she was attempting to bring in the complaint, other than a claim under the Occupational Safety and Health Act ("OSHA"). (*Id.* at 4-5). The district court noted, however, that OSHA does not provide a private right of action for employees to bring claims in federal court. (*Id.* at 3- 4). Considering Plaintiff's *pro se* status, however, the district court permitted Plaintiff an opportunity to file an amended complaint within twenty-one days of service of the order. (*Id.* at 5).

Plaintiff did not file an amended complaint as directed in the July 29, 2021 order, nor move for an enlargement of time to do so. (*See* docket). On September 2, 2021, the undersigned issued an order directing Plaintiff to show cause within fourteen days of receiving service of the order why the action should not be dismissed for her failure to prosecute. (*See generally* Doc. No. 23). On September 16, 2021, Plaintiff filed a document entitled response to the order to show cause. (Doc. No. 24). Plaintiff's response to the order to show cause does not address why Plaintiff did not timely comply with the district court's July 29, 2021 order, nor has Plaintiff filed an amended complaint. (*See generally Id.*). Instead, in response to the Court's order to show cause, Plaintiff refers the Court to her addendum and argues the Court has jurisdiction. (*Id.* at 1) (citing Doc. No. 21). Specifically, Plaintiff argues her addendum addresses why this Court has

1   jurisdiction.  (*See generally* Doc. No. 21).  Plaintiff further asserts that the Fourteenth
2   Amendment to the United States Constitution permits her to file the instant action.  (*Id.* at 2).  In
3   issuing the July 29, 2021 order granting defendants' motion to dismiss, the district court
4   construed Plaintiff's addendum as an opposition and considered it when ruling on the motion to
5   dismiss.  (Doc. No. 22 at 3).  Further, the district court did not dismiss the action for lack of
6   jurisdiction and indeed found diversity jurisdiction sufficient for the motion to dismiss stage of
7   the proceedings.  (*Id.* at 4, n. 2).  Instead, as noted, the district court found the complaint lacking
8   "sufficient information to identify what cause of action [Plaintiff] is attempting to assert against
9   which defendants" to withstand a Rule 12(b)(6) motion.  (*Id*. at 5).  Plaintiff did not file an
10  amended complaint and her response to the undersigned's order to show cause does not
11  adequately address the deficiency of her complaint as pointed out by the district court in its July
12  29, 2021 Order.

13       Because Plaintiff has not filed an amended complaint as directed in the district court's
14  July 29, 2021 order, the undersigned recommends the district court dismiss the action for failure
15  to comply with the order and file an amended complaint, or dismiss for failure to prosecute, as set
16  forth more fully below.

17                              **APPLICABLE LAW**

18       Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
19  when a litigant fails to prosecute an action or fails to comply with a court order.  *See* Fed. R. Civ.
20  P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations
21  omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)
22  ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss
23  under Rule 41(b) *sua sponte*, at least under certain circumstances.").  Local Rule 110 similarly
24  permits the court to impose sanctions on a party who fails to comply with any order of the court.

25       Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its
26  docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291
27  F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court
28  *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to

manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889 (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

Each of the above-stated factors weighs in favor of dismissing this case, without prejudice. Plaintiff was first directed to file an amended complaint on July 29, 2021 and has yet to do so. (*See generally* docket). Plaintiff's response to the Court's order to show cause did not cure the deficiency. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant,

thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).

Accordingly, it is **RECOMMENDED**:

The district court dismiss this case under Rule 41 due to Plaintiff's failure to prosecute and/or under Local Rule 110 for her failure to comply with the Court's July 29, 2021 order directing Plaintiff to file an amended complaint.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    November 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE